IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

```
MISATO MATSUOKA,                )  Civil No. 19-00470 HG-KJM
                                )
                                )
          Plaintiff,            )
                                )
       vs.                      )
                                )
ANDRES M. MATEO-SOTO,           )
                                )
          Defendant.            )
_____ )
                                )
ANDRES M. MATEO-SOTO,           )
                                )
          Counter-Claimant,     )
                                )
                                )
       vs.                      )
                                )
MISATO MATSUOKA,                )
                                )
          Counter-Defendant.    )
                                )
_____ )
```

**ORDER DENYING DEFENDANT/COUNTER-CLAIMANT'S
MOTION TO DISMISS (ECF No. 11)**

Plaintiff/Counter-Defendant Misato Matsuoka filed a four count complaint alleging state law tort claims based on an alleged sexual assault by Defendant/Counter-Claimant Andres M. Mateo-Soto.

All four counts are governed by the two-year statute of limitations of Hawaii Revised Statutes § 657-7.

Defendant/Counter-Claimant, appearing pro se, filed two documents which the Court interpreted as a Motion to Dismiss on

1

statute of limitations grounds, and an Addendum.

Defendant/Counter-Claimant's Motion to Dismiss (ECF No. 11) is **DENIED**.

**PROCEDURAL HISTORY**

On August 30, 2019, Plaintiff filed the Complaint. (ECF No. 1).

On October 21, 2019, Defendant filed an Answer and Counterclaim. (ECF Nos. 9, 10).

On October 21, 2019, Defendant/Counter-Claimant filed a document entitled "Motion to Dismiss." (ECF No. 11).

On October 23, 2019, Defendant/Counter-Claimant filed a document entitled "Failure to State a Claim Upon Which Relief Can Be Granted." On October 24, 2019, the Court issued an Order construing the filing as an Addendum to Defendant/Counter-Claimant's Motion to Dismiss. The Court warned Defendant/Counter-Claimant that future filings that failed to conform with Local and Federal Rules would be stricken. (ECF Nos. 13, 14).

On October 25, 2019, Defendant/Counter-Claimant filed a document entitled "Slander" that he referred to as a "Counterclaim Addendum." On October 29, 2019, the Court issued an Order striking the filing for failing to comply with both Local and Federal Rules. (ECF Nos. 15, 16).

On November 5, 2019, Plaintiff/Counter-Defendant filed an

2

Answer to Defendant/Counter-Claimant's Counterclaim. (ECF No. 17).

On November 8, 2019, Plaintiff/Counter-Defendant filed PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S ANSWER, OR IN THE ALTERNATIVE TO DEEM ALLEGATIONS IN THE COMPLAINT TO BE ADMITTED. (ECF No. 18).

On November 12, 2019, Plaintiff/Counter-Defendant filed PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS. (ECF No. 19).

On November 22, 2019, Defendant/Counter-Claimant filed a document entitled "Defendant's Response To Opposition To Motion To Dismiss and Rule 26 Conference Mediation Progress." (ECF No. 23).

On January 6, 2020, Defendant/Counter-Claimant failed to appear for a hearing on Plaintiff/Counter-Defendant's Motion to Strike. The Magistrate Judge denied the Motion to Strike, but ordered Defendant/Counter-Claimant to file a supplement to his Answer that complies with Section II.A. of the form Answer and adequately denies, concedes, or otherwise addresses each paragraph of the Complaint. (ECF No. 29).

The Court elected to decide Defendant/Counter-Claimant's Motion to Dismiss without a hearing. (ECF No. 12).

**BACKGROUND**

The Complaint alleges that early in the morning of September

3, 2017, Defendant/Counter-Claimant Andres M. Mateo-Soto had unwelcome sexual contact with Plaintiff/Counter-Defendant Misato Matsuoka.  (Complaint ¶¶ 7-10, ECF No. 1).

Defendant/Counter-Claimant Mateo-Soto acknowledges that he had some limited sexual contact with Plaintiff/Counter-Defendant Matsuoka, but claims that she initiated and consented to the contact.  (Addendum to Mot. to Dismiss at p. 1, ECF No. 13).

**STANDARD OF REVIEW**

The Court must dismiss a complaint as a matter of law pursuant to Federal Rule of Civil Procedure 12(b)(6) where it fails "to state a claim upon which relief can be granted."  Rule (8)(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  When considering a Rule 12(b)(6) motion to dismiss, the Court must presume all allegations of material fact to be true and draw all reasonable inferences in favor of the non-moving party.  Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998).  Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss.  Id. at 699.  The Court need not accept as true allegations that contradict matters properly subject to judicial notice or allegations contradicting the exhibits attached to the complaint. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

In <u>Bell Atl. Corp. v. Twombly</u>, the United States Supreme Court addressed the pleading standards under the Federal Rules of Civil Procedure in the anti-trust context. 550 U.S. 544 (2007). The Supreme Court stated that Rule 8 of the Federal Rules of Civil Procedure "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action," and that "[f]actual allegations must be enough to raise a right to relief above the speculative level." <u>Id</u>. at 555.

Most recently, in <u>Ashcroft v. Iqbal</u>, the Supreme Court clarified that the principles announced in <u>Twombly</u> are applicable in all civil cases. 556 U.S. 662 (2009). The Court stated that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." <u>Id</u>. at 1949 (citing <u>Twombly</u>, 550 U.S. at 555).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. <u>Id</u>. (<u>quoting</u> <u>Twombly</u>, 550 U.S. at 570). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. <u>Id</u>. (<u>citing</u> <u>Twombly</u>, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant

has acted unlawfully. Id. (quoting Twombly, 550 U.S. at 556).

The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively" and "must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." AE ex rel. Hernandez v. Cty. of Tulare, 666 F.3d 631, 637 (9th Cir. 2012) (internal quotations omitted).

**ANALYSIS**

Defendant/Counter-Claimant, proceeding pro se, filed a difficult to understand document entitled "Motion to Dismiss." (ECF No. 11). The filing only covers one page, but contains statements concerning a two-year period of time. (Id.) Defendant/Counter-Claimant represented that Plaintiff/Counter-Defendant made a formal complaint to the Marines and discusses his view of the result of that complaint. (Id.) He states that the alleged assault took place "on 25 August 2017." (Id.)

Two days after filing his Motion to Dismiss, Defendant/Counter-Claimant filed a document entitled "Failure To State A Claim Upon Which Relief Can Be Granted." (ECF No. 13). The Court construes the filing as an Addendum to the Motion to Dismiss. The filing is a dense three pages of Defendant/Counter-Claimant's thoughts concerning the case. He speculates as to

Plaintiff/Counter-Defendant's motivation, psychological profile, and the duty of this Court to United States Citizens. Defendant/Counter-Claimant's Addendum does not provide support for his Motion to Dismiss.  The Court warned Defendant/Counter-Claimant that future filings must comply with Federal Rules of Civil Procedure and the United States District Court for the District of Hawaii Local Rules.  (ECF No. 14).

The Court liberally construes Defendant/Counter-Claimant's Motion to Dismiss and Addendum.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citing Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam)).

Defendant/Counter-Claimant's motion to dismiss filings span a total of four pages and are comprised of extraneous and irrelevant information.  To the extent the filings can be understood, they allege that Plaintiff/Counter-Defendant's Complaint is barred by the statute of limitations.

The Complaint was filed on August 30, 2019.  (Complaint, ECF No. 1).  The Complaint alleges four counts: assault, battery, false imprisonment, and intentional infliction of emotional distress.  (Id. at pp. 3-5).  All four counts are governed by a two year statute of limitations.  See Hawaii Revised Statutes §

7

657-7. Under § 657-7, events alleged in the Complaint that occurred after August 30, 2017, fall within the applicable statute of limitations period.

Plaintiff/Counter-Defendant alleges that the camping trip at which the alleged sexual assault occurred was on September 2-3, 2017. (Complaint at ¶ 4, ECF No. 1).

Defendant/Counter-Claimant asserts in his Motion to Dismiss that the incident occurred on August 25, 2017. (ECF No. 11). On the same day Defendant/Counter-Claimant filed his Motion to Dismiss, he filed an Answer. (ECF No. 10). In the Answer, Defendant/Counter-Claimant acknowledges that "camping took place between September 2nd and September 3rd 2017." (Id. at ¶ 5).

Given the conflicting time lines put forth by Defendant/Counter-Claimant--and the general inability of the Court to fully comprehend Defendant/Counter-Claimant's filings--Defendant/Counter-Claimant's Motion to Dismiss the Complaint as time barred is **DENIED**.

//
//
//
//
//
//
//

**CONCLUSION**

Defendant/Counter-Claimant's Motion to Dismiss (ECF No. 11) is **DENIED.**

IT IS SO ORDERED.

DATED: January 13, 2020, Honolulu, Hawaii.

Helen Gillmor
United States District Judge

Misato Matsuoka v. Andres M. Mateo-Soto; Andres M. Mateo-Soto v. Misato Matsuoka; Civ. No. 19-00470 HG-KJM; **ORDER DENYING DEFENDANT/COUNTER-CLAIMANT'S MOTION TO DISMISS (ECF No. 11)**

9